(1)

JM/2000R0070

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 2000-335
 :
v. : 18 U.S.C. § 371
 :
VICTOR SAMAHA :

FILED
MAY 25 2000
At 8:30..............M
WILLIAM T. WALSH
CLERK

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

## BACKGROUND

1. At all times relevant to this Information:

### The Defendant

a. Defendant **VICTOR SAMAHA** was a resident of Warwick, Rhode Island.

### The Weil Indictment

b. On July 9, 1998, a federal grand jury sitting in Newark returned an Indictment (the "Weil Indictment") that charged eight former employees of the L.C. Wegard & Co., Inc. ("Wegard") securities brokerage firm, including defendant **VICTOR SAMAHA**, with conspiracy and securities fraud. The Weil Indictment charged that from November 1991 through November 1995, the defendants named therein conspired with each other and others at Wegard to defraud Wegard's customers by selling them high-risk securities over the telephone through the use of fraudulent and misleading sales scripts and high pressure sales tactics. As part of this conspiracy, Wegard would recommend one or more

Certified as a true copy on
This Date: 4/17/06
By: [signature]
( ) Clerk
( ✓ ) Deputy

speculative securities (the "Wegard Stocks") to its customers each month. Wegard's brokers would then sell the Wegard Stocks for high sales commissions during short, intensive selling periods.

c. The Weil Indictment alleged that Wegard had branch offices in New Jersey, Rhode Island and Pennsylvania, among other states. Each of the eight defendants named in the Weil Indictment was either a manager or assistant manager of a Wegard branch office. The Weil Indictment alleged that defendant **VICTOR SAMAHA** was the assistant branch manager of Wegard's office in Providence Rhode Island and a Wegard Regional Vice President. Defendant **SAMAHA** was also a broker who bought and sold securities for various Wegard customers.

**The Trial and the "Brennan Conspiracy"**

d. Defendant **VICTOR SAMAHA** and one of the other defendants named in the Weil Indictment elected to go to trial. The trial took place before a United States District Judge ("the District Judge") and a jury in Newark from September 21, 1999 through November 11, 1999. J.W., a Rhode Island attorney ("Attorney J.W."), represented defendant **SAMAHA** during the trial.

e. As part of his defense of defendant **VICTOR SAMAHA**, Attorney J.W. argued that Wegard's customers actually had been defrauded by individuals other than defendant **SAMAHA** who were associated with Wegard and who had chosen which securities would be the Wegard Stocks each month. Attorney J.W. identified one of these individuals as Robert Brennan ("Brennan"), who, Attorney J.W. argued, had a financial interest in the chosen Wegard

Stocks. Attorney J.W. referred to his theory as the "Brennan Conspiracy" in a brief he filed with the Court. Attorney J.W. raised the Brennan Conspiracy in his opening statement to the jury and attempted to elicit evidence to support it during his cross examination of witnesses called by the Government in its direct case.

f. On October 8, 1999, the attorney for the Government objected to questions posed by Attorney J.W. regarding the Brennan Conspiracy on the ground that it was irrelevant to the conspiracy charged in the Weil Indictment. At a conference held outside the presence of the jury, the District Judge indicated he agreed with the Government's position and tentatively sustained the Government's objection. The District Judge advised that he would make a final decision on this issue after he had received written briefs from the attorneys. The Government filed its brief on this issue on October 12, 1999. Attorney J.W. filed his brief on behalf of defendant **VICTOR SAMAHA** on October 21, 1999.

g. On October 14, 1999, while the Government's relevance objection was still pending, an article describing Attorney J.W.'s Brennan Conspiracy theory and the Government's relevance objection appeared in the Newark Star-Ledger.

**THE CONSPIRACY**

2. From on or about October 14, 1999 to on or about December 17, 1999, in the District of New Jersey, and elsewhere, defendant

**VICTOR SAMAHA**

did knowingly and willfully conspire and agree with Attorney J.W. and others to corruptly endeavor to influence and impede the District Judge in the discharge of his duty and to corruptly endeavor to influence, obstruct and impede the due administration of justice, as set forth in paragraphs 3 through 8 below, contrary to Title 18, United States Code, Sections 1503(a) and 2.

**Object of the Conspiracy**

3. The primary object of the conspiracy was to enhance the credibility of the Brennan Conspiracy theory for the purpose of influencing the District Judge's final decision on the pending relevance objection.

**Means and Methods of the Conspiracy**

4. In a meeting with defendant **VICTOR SAMAHA** on or about the evening of October 14, 1999, Attorney J.W. discussed the importance of having evidence relating to the Brennan Conspiracy admitted into evidence at trial so that the jury could hear it. Attorney J.W. decided to create the appearance that an unknown third party had threatened him with death if he continued to accuse Brennan of fraudulent conduct. Attorney J.W. instructed defendant **SAMAHA** to arrange for someone to telephone Attorney J.W. with such a threat. Defendant **SAMAHA** contacted V.M., a resident of Warwick, Rhode Island, to request that V.M.

(1)

JM/2000R0070

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 2000-335

v. : 18 U.S.C. § 371

VICTOR SAMAHA :

FILED
MAY 25 2000
At 8:30..................M
WILLIAM T. WALSH
CLERK

**INFORMATION**

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

**BACKGROUND**

1. At all times relevant to this Information:

**The Defendant**

a. Defendant **VICTOR SAMAHA** was a resident of Warwick, Rhode Island.

**The Weil Indictment**

b. On July 9, 1998, a federal grand jury sitting in Newark returned an Indictment (the "Weil Indictment") that charged eight former employees of the L.C. Wegard & Co., Inc. ("Wegard") securities brokerage firm, including defendant **VICTOR SAMAHA**, with conspiracy and securities fraud. The Weil Indictment charged that from November 1991 through November 1995, the defendants named therein conspired with each other and others at Wegard to defraud Wegard's customers by selling them high-risk securities over the telephone through the use of fraudulent and misleading sales scripts and high pressure sales tactics. As part of this conspiracy, Wegard would recommend one or more

Certified as a true copy on
This Date: 4/17/06
By: [signature]
( ) Clerk
( X ) Deputy

1

JM/2000R0070

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 2000-335

FILED
MAY 25 2000
At 8:30............M
WILLIAM T. WALSH
CLERK

v. : 18 U.S.C. § 371

VICTOR SAMAHA

INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

BACKGROUND

1. At all times relevant to this Information:

The Defendant

a. Defendant **VICTOR SAMAHA** was a resident of Warwick, Rhode Island.

The Weil Indictment

b. On July 9, 1998, a federal grand jury sitting in Newark returned an Indictment (the "Weil Indictment") that charged eight former employees of the L.C. Wegard & Co., Inc. ("Wegard") securities brokerage firm, including defendant **VICTOR SAMAHA**, with conspiracy and securities fraud. The Weil Indictment charged that from November 1991 through November 1995, the defendants named therein conspired with each other and others at Wegard to defraud Wegard's customers by selling them high-risk securities over the telephone through the use of fraudulent and misleading sales scripts and high pressure sales tactics. As part of this conspiracy, Wegard would recommend one or more

Certified as a true copy
This Date: 4/17/06
By: [signature]
( ) Clerk
( ) Deputy

1

JM/2000R0070

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 2000-335

v. : 18 U.S.C. § 371

VICTOR SAMAHA

FILED
MAY 25 2000
At 8:30 .......... M
WILLIAM T. WALSH
CLERK

INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

BACKGROUND

1. At all times relevant to this Information:

The Defendant

a. Defendant **VICTOR SAMAHA** was a resident of Warwick, Rhode Island.

The Weil Indictment

b. On July 9, 1998, a federal grand jury sitting in Newark returned an Indictment (the "Weil Indictment") that charged eight former employees of the L.C. Wegard & Co., Inc. ("Wegard") securities brokerage firm, including defendant **VICTOR SAMAHA**, with conspiracy and securities fraud. The Weil Indictment charged that from November 1991 through November 1995, the defendants named therein conspired with each other and others at Wegard to defraud Wegard's customers by selling them high-risk securities over the telephone through the use of fraudulent and misleading sales scripts and high pressure sales tactics. As part of this conspiracy, Wegard would recommend one or more

Certified as a true copy on
This Date: 4/17/06
By
( ) Clerk
( ) Deputy

speculative securities (the "Wegard Stocks") to its customers each month. Wegard's brokers would then sell the Wegard Stocks for high sales commissions during short, intensive selling periods.

c. The Weil Indictment alleged that Wegard had branch offices in New Jersey, Rhode Island and Pennsylvania, among other states. Each of the eight defendants named in the Weil Indictment was either a manager or assistant manager of a Wegard branch office. The Weil Indictment alleged that defendant **VICTOR SAMAHA** was the assistant branch manager of Wegard's office in Providence Rhode Island and a Wegard Regional Vice President. Defendant **SAMAHA** was also a broker who bought and sold securities for various Wegard customers.

**The Trial and the "Brennan Conspiracy"**

d. Defendant **VICTOR SAMAHA** and one of the other defendants named in the Weil Indictment elected to go to trial. The trial took place before a United States District Judge ("the District Judge") and a jury in Newark from September 21, 1999 through November 11, 1999. J.W., a Rhode Island attorney ("Attorney J.W."), represented defendant **SAMAHA** during the trial.

e. As part of his defense of defendant **VICTOR SAMAHA**, Attorney J.W. argued that Wegard's customers actually had been defrauded by individuals other than defendant **SAMAHA** who were associated with Wegard and who had chosen which securities would be the Wegard Stocks each month. Attorney J.W. identified one of these individuals as Robert Brennan ("Brennan"), who, Attorney J.W. argued, had a financial interest in the chosen Wegard

(1)

JM/2000R0070

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 2000-335

v. : 18 U.S.C. § 371

VICTOR SAMAHA

FILED
MAY 25 2000
At 8:30..............M
WILLIAM T. WALSH
CLERK

INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

BACKGROUND

1. At all times relevant to this Information:

The Defendant

a. Defendant **VICTOR SAMAHA** was a resident of Warwick, Rhode Island.

The Weil Indictment

b. On July 9, 1998, a federal grand jury sitting in Newark returned an Indictment (the "Weil Indictment") that charged eight former employees of the L.C. Wegard & Co., Inc. ("Wegard") securities brokerage firm, including defendant **VICTOR SAMAHA**, with conspiracy and securities fraud. The Weil Indictment charged that from November 1991 through November 1995, the defendants named therein conspired with each other and others at Wegard to defraud Wegard's customers by selling them high-risk securities over the telephone through the use of fraudulent and misleading sales scripts and high pressure sales tactics. As part of this conspiracy, Wegard would recommend one or more

Certified as a true copy
This Date: 4/17/06
By [signature]
( ) Clerk
( ) Deputy

(1)

JM/2000R0070

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 2000-335

v. : 18 U.S.C. § 371

VICTOR SAMAHA :

FILED
MAY 25 2000
At 8:30.................M
WILLIAM T. WALSH
CLERK

INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

BACKGROUND

1. At all times relevant to this Information:

The Defendant

a. Defendant **VICTOR SAMAHA** was a resident of Warwick, Rhode Island.

The Weil Indictment

b. On July 9, 1998, a federal grand jury sitting in Newark returned an Indictment (the "Weil Indictment") that charged eight former employees of the L.C. Wegard & Co., Inc. ("Wegard") securities brokerage firm, including defendant **VICTOR SAMAHA**, with conspiracy and securities fraud. The Weil Indictment charged that from November 1991 through November 1995, the defendants named therein conspired with each other and others at Wegard to defraud Wegard's customers by selling them high-risk securities over the telephone through the use of fraudulent and misleading sales scripts and high pressure sales tactics. As part of this conspiracy, Wegard would recommend one or more

Certified as a true copy on
This Date: 4/17/06
By [signature]
( ) Clerk
( ) Deputy

1

JM/2000R0070

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 2000-335

v. : 18 U.S.C. § 371

VICTOR SAMAHA :

FILED
MAY 25 2000
At 8:30.................M
WILLIAM T. WALSH
CLERK

**INFORMATION**

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

**BACKGROUND**

1. At all times relevant to this Information:

**The Defendant**

a. Defendant **VICTOR SAMAHA** was a resident of Warwick, Rhode Island.

**The Weil Indictment**

b. On July 9, 1998, a federal grand jury sitting in Newark returned an Indictment (the "Weil Indictment") that charged eight former employees of the L.C. Wegard & Co., Inc. ("Wegard") securities brokerage firm, including defendant **VICTOR SAMAHA**, with conspiracy and securities fraud. The Weil Indictment charged that from November 1991 through November 1995, the defendants named therein conspired with each other and others at Wegard to defraud Wegard's customers by selling them high-risk securities over the telephone through the use of fraudulent and misleading sales scripts and high pressure sales tactics. As part of this conspiracy, Wegard would recommend one or more

Certified as a true copy o
This Date: 4/17/06
By [signature]
( ) Clerk
( ) Deputy

speculative securities (the "Wegard Stocks") to its customers each month. Wegard's brokers would then sell the Wegard Stocks for high sales commissions during short, intensive selling periods.

c. The Weil Indictment alleged that Wegard had branch offices in New Jersey, Rhode Island and Pennsylvania, among other states. Each of the eight defendants named in the Weil Indictment was either a manager or assistant manager of a Wegard branch office. The Weil Indictment alleged that defendant **VICTOR SAMAHA** was the assistant branch manager of Wegard's office in Providence Rhode Island and a Wegard Regional Vice President. Defendant **SAMAHA** was also a broker who bought and sold securities for various Wegard customers.

**The Trial and the "Brennan Conspiracy"**

d. Defendant **VICTOR SAMAHA** and one of the other defendants named in the Weil Indictment elected to go to trial. The trial took place before a United States District Judge ("the District Judge") and a jury in Newark from September 21, 1999 through November 11, 1999. J.W., a Rhode Island attorney ("Attorney J.W."), represented defendant **SAMAHA** during the trial.

e. As part of his defense of defendant **VICTOR SAMAHA**, Attorney J.W. argued that Wegard's customers actually had been defrauded by individuals other than defendant **SAMAHA** who were associated with Wegard and who had chosen which securities would be the Wegard Stocks each month. Attorney J.W. identified one of these individuals as Robert Brennan ("Brennan"), who, Attorney J.W. argued, had a financial interest in the chosen Wegard

Stocks. Attorney J.W. referred to his theory as the "Brennan Conspiracy" in a brief he filed with the Court. Attorney J.W. raised the Brennan Conspiracy in his opening statement to the jury and attempted to elicit evidence to support it during his cross examination of witnesses called by the Government in its direct case.

f. On October 8, 1999, the attorney for the Government objected to questions posed by Attorney J.W. regarding the Brennan Conspiracy on the ground that it was irrelevant to the conspiracy charged in the Weil Indictment. At a conference held outside the presence of the jury, the District Judge indicated he agreed with the Government's position and tentatively sustained the Government's objection. The District Judge advised that he would make a final decision on this issue after he had received written briefs from the attorneys. The Government filed its brief on this issue on October 12, 1999. Attorney J.W. filed his brief on behalf of defendant **VICTOR SAMAHA** on October 21, 1999.

g. On October 14, 1999, while the Government's relevance objection was still pending, an article describing Attorney J.W.'s Brennan Conspiracy theory and the Government's relevance objection appeared in the Newark Star-Ledger.

**THE CONSPIRACY**

2. From on or about October 14, 1999 to on or about December 17, 1999, in the District of New Jersey, and elsewhere, defendant

**VICTOR SAMAHA**

did knowingly and willfully conspire and agree with Attorney J.W. and others to corruptly endeavor to influence and impede the District Judge in the discharge of his duty and to corruptly endeavor to influence, obstruct and impede the due administration of justice, as set forth in paragraphs 3 through 8 below, contrary to Title 18, United States Code, Sections 1503(a) and 2.

**Object of the Conspiracy**

3. The primary object of the conspiracy was to enhance the credibility of the Brennan Conspiracy theory for the purpose of influencing the District Judge's final decision on the pending relevance objection.

**Means and Methods of the Conspiracy**

4. In a meeting with defendant **VICTOR SAMAHA** on or about the evening of October 14, 1999, Attorney J.W. discussed the importance of having evidence relating to the Brennan Conspiracy admitted into evidence at trial so that the jury could hear it. Attorney J.W. decided to create the appearance that an unknown third party had threatened him with death if he continued to accuse Brennan of fraudulent conduct. Attorney J.W. instructed defendant **SAMAHA** to arrange for someone to telephone Attorney J.W. with such a threat. Defendant **SAMAHA** contacted V.M., a resident of Warwick, Rhode Island, to request that V.M.

arrange for such a threatening telephone call.

5. After speaking with defendant **VICTOR SAMAHA**, V.M. borrowed a cellular telephone from R.R., a resident of North Providence, Rhode Island. V.M. asked another individual to use R.R.'s telephone to make a threatening telephone call to Attorney J.W. This individual then placed a telephone call from Rhode Island to Attorney J.W.'s cellular telephone, which was then located in Jersey City, New Jersey, and left a message on the voice mail associated with Attorney J.W.'s cellular telephone. The message stated:

> [Attorney J.W.], you mention Robert Brennan's name again, you're not going to make it home from New York alive.

6. Attorney J.W. reported this supposedly threatening telephone call to the Jersey City Police Department and the attorney for the Government on or about the night of October 14, 1999. Attorney J.W. did not tell the police or the Government's attorney that he and defendant **VICTOR SAMAHA** had arranged the supposedly threatening telephone call.

7. On or about October 15, 1999, Attorney J.W. met with the District Judge and the other attorneys in the trial. Attorney J.W. described the supposedly threatening telephone call to the District Judge. Attorney J.W. did not tell the District Judge that he and defendant **VICTOR SAMAHA** had arranged the supposedly threatening telephone call.

**Overt Acts**

8. In furtherance of the conspiracy and to accomplish its unlawful objects, defendant **VICTOR SAMAHA** and his co-conspirators committed and caused the commission of the following overt acts in the District of New Jersey and elsewhere:

a. On or about October 14, 1999, Attorney J.W. asked defendant **VICTOR SAMAHA** to have someone make the threatening telephone call described above to him.

b. On or about October 14, 1999, defendant **VICTOR SAMAHA** called V.M. and asked him to arrange for someone to make the threatening telephone call to Attorney J.W.

c. On or about October 14, 1999, Attorney J.W. made a false report regarding the supposedly threatening telephone call to the Jersey City Police Department.

d. On or about October 14, 1999, Attorney J.W. made a false report regarding the supposedly threatening telephone call to the attorney for the Government.

e. On or about October 15, 1999, Attorney J.W. falsely described the supposedly threatening telephone call to the District Judge.

f. On or about October 15, 1999, Attorney J.W. made a false report regarding the supposedly threatening telephone call to Special Agents of the Federal Bureau of Investigation ("FBI").

g. On or about October 22, 1999, Attorney J.W. met with defendant **VICTOR SAMAHA**, V.M. and R.R. in Coventry, Rhode Island to discuss the FBI's investigation of the supposedly threatening telephone call.

h. On or about December 20, 1999, Attorney J.W. falsely represented to Special Agents of the FBI that he did not know R.R.

i. On or about December 20, 1999, Attorney J.W. falsely represented to Special Agents of the FBI that he believed that someone loyal to Brennan had made the threatening telephone call.

j. On or about December 20, 1999, Attorney J.W. falsely represented to Special Agents of the FBI that defendant **VICTOR SAMAHA** believed that someone loyal to Brennan had made the threatening telephone call.

All in violation of Title 18, United States Code, Section 371.

Robert J. Cleary
ROBERT J. CLEARY
United States Attorney