(4)

UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA FILED Crim. No. 00-335

v. MAY 25 2000

VICTOR P. SAMAHA At 8:30..................M WILLIAM T. WALSH CLERK

APPLICATION FOR PERMISSION TO ENTER PLEA OF GUILTY

VICTOR P. SAMAHA, hereby certifies as follows:

1. My full name is VICTOR P. SAMAHA and I request that all proceedings against me be held in that name.

2. I understand that the Constitution and laws of the United States guarantee me the right to be represented by a lawyer at every stage in these proceedings, including any trial on these charges, and that if I cannot afford to hire a lawyer, the Court will provide one for me.

3. I have a lawyer who is representing me in this proceeding. My lawyer's name is WILLIAM W. ROBERTSON. I am satisfied that I have had enough time to discuss this matter with my lawyer.

4. My date of birth is August 19, 1967. I am not married and I have no children.

5. English is my native language. My formal education stopped after [grade] College-B.A. I am presently unemployed.

6. I have taken no drugs or medication within the past twenty-four hours.

7. I have never been a patient in a mental hospital or institution. I do not believe that at the present time I am mentally ill or mentally incompetent in any respect.

8. I received a copy of the Information before being called upon to plead. I have read and discussed it with my lawyer. I understand that the substance of the charge against me is that I conspired with John Webster, Esq., my attorney during the course of a prior criminal trial then pending before the Court to obstruct justice by assisting John Webster, Esq. in creating a false threat against him during the course of the prior trial.

WAIVER OF INDICTMENT

9. My lawyer has explained to me that I have a constitutional right to he charged by an indictment of a grand jury but that I can waive that right and consent to being charged through a criminal Information filed by the United States Attorney.

Certified as a true copy on
This Date: 4/17/06
By [signature]
( ) Clerk
( X) Deputy

10. I understand that, unless I waive indictment I may not be charged with a felony unless a grand jury finds by return of an indictment that there is probable cause to believe that a crime has been committed and that I committed it.

11. I also understand that if I do not waive indictment, the government may present the case to the grand jury and request the grand jury to indict me.

12. I understand that a grand jury is composed of at least 16 and not more than 23 persons, that at least 12 grand jurors must find that there is probable cause to believe that I committed the crime. I also understand that the grand jury may or may not indict me.

13. I further understand that by waiving indictment by the grand jury, the case will proceed against me on the United States Attorney's Information as though I had been indicted.

14. My attorney has discussed the nature of the charge against me and waiving my right to indictment thereon by grand jury. I fully understand those rights, and I wish to waive indictment by grand jury.

15. My decision to waive indictment by grand jury is made knowingly and voluntarily, and no threats or promises have been made to induce me to waive indictment.

<u>THE GUILTY PLEA</u>

16. I have told my lawyer all the facts and circumstances known to me about the charge set forth in the Information.

17. I am satisfied that my lawyer understands the information which I have provided, and that my lawyer has counseled and advised me on the nature of each charge and on all possible defenses that I might have in this case,

18. In addition, my lawyer has explained to me, and I understand, that if I entered a plea of NOT GUILTY (or persisted in my plea of NOT GUILTY), under the Constitution and laws of the United States I would be entitled to a speedy and public trial by a jury of twelve persons on the charge contained in this Information.

19. My lawyer has explained to me, and I understand, that at such a trial the jury would be told by the judge that I am presumed to be innocent, and that the Government would be required to prove me guilty of the charge against me beyond a reasonable doubt. I understand that I would not have to prove that I am innocent, and that I could not be convicted unless all twelve jurors voted unanimously for conviction.

20. My lawyer has explained to me, and I understand, that if I went to trial on these charge, the Government would have to produce in open court the witnesses against me, and that my lawyer could confront and cross-examine them and object to evidence offered by the Government.

21. My lawyer has further explained to me, and I understand, that I have the right to produce witnesses and could offer evidence in my defense at a trial on this charge, and that I would have the right, if I so chose, to testify on my own behalf at that trial; but if I chose not to testify, the jury could draw no suggestion or inference of guilt from that fact.

22. My lawyer has explained to me, and I understand, that if I plead GUILTY to the charge in this Information and the judge accepts my plea, I WAIVE MY RIGHT TO TRIAL AND THE OTHER RIGHTS SET FORTH IN PARAGRAPHS 18, 19, 20 and 21 ABOVE. I am aware and understand that <u>if my GUILTY plea is accepted, there will be no trial</u> and a judgment of GUILTY will be entered after which, the judge, upon consideration of my pre-sentence report, will impose punishment upon me. I understand that if I plead GUILTY, the judge may impose the same punishment as if I had pleaded "not guilty", went to trial and was convicted by a jury.

23. My lawyer has also explained to me, and I understand, that if I plead GUILTY, I WAIVE MY RIGHT NOT TO INCRIMINATE MYSELF. I understand that the judge will ask me what I did and I will have to acknowledge my guilt as charged by setting forth my actions so that the judge is satisfied that I am, indeed, guilty. I understand that any statements I make at the time I plead GUILTY, if untrue and made under oath, can be the basis of a perjury prosecution against me.

24. My lawyer have informed me, and I understand, that the maximum punishment which the law provides for the offense charged in this Information is:

A MAXIMOM OF FIVE (5) years imprisonment and a fine of $250,000.00 for the offense charged in the Information. My lawyer has further explained, and I understand, that there is no mandatory minimum punishment of imprisonment and no mandatory minimum fine for the offense charged in Information.

I understand that if I plead GUILTY to the Information, I face a maximum sentence on those counts of five (5) years imprisonment, plus an aggregate fine of $250,000.00. My lawyer has additionally explained, and I understand that in addition to or in lieu of the penalties already discussed, I may he ordered to make restitution to any victim of the offense and that the Court may require me to make a restitution in services instead of money or to make restitution to a designated third person or organization instead of the victim. I understand that in determining whether to order restitution and the amount of restitution the Court will consider the amount of the loss sustained by any victim as a result of the offense, my financial resources, the financial needs and earning ability of my dependents, and any other factors as the Court deems appropriate.

I understand that I will he assessed $100 for each felony upon which I am sentenced and $25 for each misdemeanor, if any.

25. I hereby declare that no officer or agent of any branch of government, (Federal, State or local) , nor my lawyer, nor any other person, has made any promise or suggestion of any

kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead GUILTY. My lawyer has explained, and I understand, that only the judge may decide what punishment I shall receive, and that if any person has told me otherwise, that person is not telling me the truth,

THIS IS A SENTENCING GUIDELINES CASE:

26. I understand that I will be sentenced according to the Sentencing Guidelines pursuant to the Sentencing Reform Act of 1984, since my offense occurred on or after November 1, 1987.

27. I have discussed with my attorney how the Sentencing Guidelines might apply to my case.

28. I understand that the Court will not be able to determine the sentence for my case until after the Pre-sentence Report has been completed and both I and the Government have had an opportunity to read the report and challenge any facts reported by the probation officer.

29. I further understand that after it has been determined which guideline range applies to my case, the judge has the authority to impose a sentence more severe (up to the statutory maximum) or less severe than the sentence provided by the guidelines.

30. I understand that the Court may be bound to impose a fine in accordance with both statutory requirements and the Sentencing Guidelines.

31. I understand that my plea agreement provides that under certain circumstances I have waived my right to appeal or collaterally attack the sentence imposed in this case.

32. I understand that parole has been abolished and if sentenced to prison I will not be released on parole.

33. I further understand that the Court may impose a term of supervised release to follow any term of imprisonment and that any violation of that term of supervised release may result in an additional term of imprisonment. I understand that I am subject to a term of supervised release of two (2) years, or not less than three (3) years but not more than three (3) years.

34. I understand that I will have no right to withdraw my plea on the grounds that anyone's prediction as to the guideline range or expectation of sentence proves inaccurate.

PLEA AGREEMENT

35. I hereby declare that I have not been forced, coerced or threatened in any manner by any person to plead GUILTY to this charge. Nor have I been told that if I refuse to plead GUILTY, other persons will be prosecuted.

36. There has been a plea agreement entered into between me and the United States Attorney, by Assistant United States Attorney, JAMES McMAHON.

[ ] The plea agreement does not exist in written form.
[ X ] The plea agreement does exist in written form. I have read it. My lawyer has explained it to me and I understand it.

37. The substance of the plea agreement is: **SEE ATTACHMENT A.**

38. My lawyer has explained to me, and I understand, that the terms of the plea agreement might be unacceptable to the judge. If the judge does not accept the terms of the agreement, I understand that I may withdraw my GUILTY plea or go ahead and plead GUILTY anyway. If, after the judge informs me that the plea agreement is unacceptable, I continue in my desire to plead GUILTY, I understand that the disposition of my case may be less favorable than that proposed in the plea agreement.

39. I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP MY LAWYER HAS GIVEN ME.

40. I know the judge will not permit anyone to plead GUILTY who claims to be innocent, and with that in mind and because I am GUILTY, I respectfully request that the Court accept my plea of GUILTY and to have the Clerk enter my plea of GUILTY as to the Information.

41. I offer my plea of GUILTY freely and voluntarily and of my own accord with full understanding of all matters set forth in the Information, in this application, and in the certification of my lawyer which is attached to this application.

42. I further declare that I wish to waive the reading of the Information in open court, and I request the Court to enter my plea of GUILTY as set forth in Paragraph 40, above.

43. The following person assisted me in completing this application: WILLIAM W. ROBERTSON, ESQ., my attorney.

I hereby certify that the foregoing information and statements herein are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed by me in open court in the presence of my lawyer this 25th day of May, 2000.

Defendant
VICTOR P. SAMAHA

Attorney for Defendant
WILLIAM W. ROBERTSON

**ATTACHMENT "A"**
**To Rule 11 Application for Permission to enter**
**Plea of Guilty**
**On behalf of**
**VICTOR P. SAMAHA**

**Response to question 37.**

In return for my agreement to

(1) plead of guilty to a one count information charging a violation of 18 United States Code § 371 (Conspiracy) to obstruct justice in connection with activities undertaken during the course of my prior criminal trial ("the securities case") before this court;
(2) forego a new trial motion in connection with the securities case;
(3) not oppose a motion to consolidate this matter ("obstruction case") with the securities case for the purposes of sentencing;
(4) waive any appeal or other collateral attack in connection with my conviction in the securities case;
(5) waive any appeal on my sentencing under both this obstruction case and the securities case *provided* that the combined sentencing offense level score is no greater than 24 prior to any departure pursuant to a motion filed by the Government pursuant to U.S.S.G. § 5K1.1; and
(6) comply with all of the terms of cooperation as set forth in the plea agreement executed by me on March 8, 2000

the United States Attorney's Office for the District of New Jersey agrees

(1) not to initiate any further criminal charges against me arising from my involvement in a conspiracy to obstruct justice in the securities case by causing a purportedly threatening call to be made; and
(2) to fully inform the sentencing Court and the U.S. Probation Office of this (a) agreement, (b) the full nature and extent of my activities and conduct relevant to this case, and (c) the full nature and extent of my cooperation (including when my cooperation commenced) in connection with this matter pursuant to the provisions of U.S.S.G. §5K1.1.

[signature]
VICTOR P. SAMAHA

Dated: May 25, 2000

# CERTIFICATE OF COUNSEL

WILLIAM W. ROBERTSON, hereby certifies that:

1. I am an attorney at law of the State of New Jersey and have been retained by the defendant VICTOR P. SAMAHA, in connection with an Information charging a violation of 18 U.S.C. §371 (Conspiracy to Obstruct Justice).

2. I have read and fully explained to the defendant allegations contained in the Information.

3. To the best of my knowledge and belief the statements, representations, and declarations made by the defendant in the foregoing Application are in all respects accurate and true.

4. In my opinion the defendant's waiver of indictment by grand jury is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

5. In my opinion the defendant's waiver of reading the Information in open court as provided in Rule 10 is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

6. I have explained the maximum and any mandatory minimum penalty for the charge to the defendant. I have explained to him that he may be ordered to make restitution under the Victim and Witness Protection Act.

7. I have explained to the defendant that sentencing will be governed by the Sentencing Guidelines as established by the United States Sentencing Commission. I have further explained how the Guidelines might apply to this offense and to the defendant.

8. The plea of GUILTY offered by the defendant in Paragraph 40 accords with my understanding of the facts related to me and is consistent with my advice to the defendant.

9. In my opinion the plea of GUILTY as offered by the defendant in Paragraph 40 of this Application is voluntarily made with understanding of the consequences of the plea. I recommend that the Court accept the plea of GUILTY.

Signed by me in open court in the presence of the defendant above named, and after full disclosure of the contents of this Certification to the defendant, this 25th day of May, 2000.

William W. Robertson

Attorney for the Defendant
WILLIAM W. ROBERTSON