(S)

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

February 7, 2000

FILED

MAY 25 2000

At 8:30..................M
WILLIAM T. WALSH
CLERK

William W. Robertson, Esq.
Robertson, Freilich, Bruno & Cohen LLC
One Riverfront Plaza
Newark, New Jersey 07102

2000 - 335

Re: Plea Agreement with Victor Samaha

Dear Mr. Robertson:

I wish to advise you of the position of the United States ("this Office") regarding a possible disposition of this case in advance of trial. I do so in order to avoid the expense that unnecessary trial preparation causes the Court and the parties. This offer will remain open until March 15, 2000 and, if an executed agreement is not received in this Office on or before that date, this offer will expire.

Charge

This Office will accept a guilty plea from Victor Samaha to a one count Information which charges conspiracy to obstruct justice, a violation of 18 U.S.C. § 371 (the "Obstruction Case"), subject to the understandings contained in this letter and the following conditions:

1) Victor Samaha acknowledges that he has a right to pursue his motion for a new trial in United States v. Samaha, Crim. No. 98-414-06 (WGB) (the "Securities Fraud Case") pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure and other applicable provisions of federal law. Victor Samaha voluntarily waives this right and agrees that he shall withdraw his pending motion for a new trial and shall not challenge the jury's guilty verdicts against him on Counts 1 and 43-49 of the Indictment in the Securities Fraud Case in any manner;

2) Victor Samaha shall not oppose any motion by the Government to join the Obstruction Case with the Securities Fraud Case for sentencing;

3) Victor Samaha acknowledges that he has a right to file an appeal arising out of his convictions and sentence(s) in the Securities Fraud Case and the Obstruction Case pursuant to 18 U.S.C. § 3742 and other applicable provisions of federal law. Subject to the exceptions contained in subparagraph 4 below, Victor Samaha voluntarily waives this right and

Certified as a true copy
This Date: 4/17/06
By: [signature]
( ) Clerk
( X ) Deputy

agrees that he shall not file any appeal arising out of the Securities Fraud Case or the Obstruction Case;

4) In the event that the Securities Fraud Case and the Obstruction Case are joined for sentencing, Victor Samaha reserves only his right pursuant to 18 U.S.C. 3742 to appeal his sentence if the final offense level as calculated by the sentencing court is greater than the stipulated offense level contained in paragraph 9 of Schedule A to this agreement. In the event the Securities Fraud Case and the Obstruction Case are joined for sentencing, the Government reserves only its right pursuant to 18 U.S.C. § 3742 to appeal Victor Samaha's sentence if the final offense level as calculated by the sentencing court prior to any departure pursuant to a motion filed by the Government pursuant to U.S.S.G. § 5K1.1 is less than the stipulated offense level contained in paragraph 9 of Schedule A to this agreement. Any appeal which challenges the sentence Victor Samaha receives or the manner in which it was determined must be limited to that portion of the offense level calculation that is inconsistent with, or not addressed by, this agreement. Both parties reserve the right to oppose any appeal provided that such opposition shall not be inconsistent with this agreement. In the event that the Securities Fraud Case and the Obstruction Case are not joined for sentencing, both parties reserve their rights pursuant to 18 U.S.C. § 3742 to appeal only the sentences imposed; and

5) Victor Samaha acknowledges that he has a right to file a collateral attack on his convictions and sentence in the Securities Fraud Case and the Obstruction Case pursuant to 28 U.S.C. § 2255 and other applicable provisions of federal law. Victor Samaha voluntarily waives this right and agrees that he shall not file any collateral attack or any writs or motions seeking any post-conviction relief arising out of the Securities Fraud Case or the Obstruction Case.

If Victor Samaha enters a guilty plea in the Obstruction Case, is sentenced on both the Securities Fraud Case and the Obstruction Case, and fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges arising from Victor Samaha's participation in a conspiracy to obstruct justice in the Securities Fraud Case by causing a purportedly threatening telephone call to be made. The scope of the protection offered in the preceding sentence is also limited to the criminal activity that Victor Samaha has revealed to this Office as of the date of this agreement.

Cooperation

Victor Samaha shall cooperate fully with this Office. As part of that obligation, Victor Samaha shall truthfully disclose all information concerning all matters about which this Office and other Government agencies designated by this Office may inquire and shall not commit or attempt to commit any additional crimes. Victor Samaha also agrees to be available at all reasonable times requested by representatives of the Government and shall truthfully testify in all proceedings, including grand jury and trial proceedings, as to any subject about which he is questioned. Furthermore, Victor Samaha agrees to provide to this Office, upon request, all documents and other materials relating to matters about which this Office inquires. Full cooperation includes participating, if requested, in affirmative investigative techniques, such as making telephone calls, tape recording conversations and introducing law enforcement officials to other individuals. All such activity by Victor Samaha must be conducted only at the express direction and under the supervision of this Office and federal law enforcement personnel.

Should Victor Samaha withdraw from this agreement or commit or attempt to commit any additional federal, state, or local crimes, or should it be established that Victor Samaha has intentionally given materially false, incomplete, or misleading testimony or information or otherwise has violated any provision of this agreement, this Office will be released from its obligations under this agreement. However, Victor Samaha shall not be released from the agreements set forth in the second full paragraph of the first page of this letter and may not withdraw the guilty plea in the Obstruction Case entered into pursuant to this agreement. In such an event, Victor Samaha shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including, but not limited to, perjury and obstruction of justice. Any such prosecution may be premised upon any information provided, or statements made, by Victor Samaha, and all such information, statements, and leads therefrom may be used against Victor Samaha. Moreover, any such prosecution that is not time-barred by the applicable statute of limitations on the date this agreement is signed by Victor Samaha may be commenced and Victor Samaha agrees to waive any statute of limitations that would otherwise expire after Victor Samaha signs the agreement. With respect to any such prosecution, Victor Samaha further waives any right to claim that statements made by him before or after the execution of this agreement, including any statements made pursuant to any prior agreement between Victor Samaha and this Office, or any leads from Victor Samaha's statements, should be suppressed under that prior agreement or under Fed. R. Evid. 410, Fed. R. Crim. P. 11(e)(6), U.S.S.G. § 1B1.8, or otherwise.

Sentencing

With regard to the Obstruction Case only, the violation of 18 U.S.C. § 371 to which Victor Samaha agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The Sentencing Guidelines may impose a minimum term of imprisonment and fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. The sentence in the Obstruction Case may run consecutively to the sentence in the Securities Fraud Case. Fines imposed by the sentencing judge in excess of $2500 are subject to the payment of interest.

With regard to the Obstruction Case only, the sentencing judge, in addition to imposing any other penalty on Victor Samaha: (1) will order Victor Samaha to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Victor Samaha to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A and 3664; (3) may order Victor Samaha, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require Victor Samaha to serve a term of supervised release of at least two years and up to three years, which will begin at the expiration of any term of imprisonment imposed. Should Victor Samaha be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Victor Samaha may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above, and may be sentenced to an additional term of supervised release.

The sentence to be imposed upon Victor Samaha is within the sole discretion of the sentencing judge. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Victor Samaha, or as to what sentence Victor Samaha ultimately will receive. Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Victor Samaha by the sentencing judge and to provide the sentencing judge and the U.S. Probation Office all other law and information relevant to sentencing, favorable or otherwise, including information provided by Victor Samaha before and after signing this agreement. In addition, this Office will inform the sentencing judge and the U.S. Probation Office of: (1) this agreement; (2) the full nature and extent of Victor Samaha's activities and relevant conduct with respect to

this case; and (3) the full nature and extent of Victor Samaha's cooperation with this Office and when such cooperation commenced.

The determination whether Victor Samaha has fully complied with this agreement and provided substantial assistance to the Government rests solely in the discretion of this Office. If this Office determines in its sole discretion that Victor Samaha has fully complied with this agreement and has provided substantial assistance in the investigation or prosecution of one or more persons who have committed offenses, this Office will move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range. Whether the sentencing judge does in fact impose a sentence below the otherwise applicable guideline range is a matter committed solely to the discretion of the sentencing judge. Victor Samaha may not withdraw his guilty plea and will not be released from the agreements set forth in the second full paragraph of the first page of this letter if this Office determines that Victor Samaha has not rendered substantial assistance or has not fully complied with the terms of this agreement, or if the Court refuses to grant the Government's motion for a downward departure.

Stipulations

This Office and Victor Samaha agree to stipulate at sentencing in the Securities Fraud Case and the Obstruction Case to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Victor Samaha from any other portion of this plea agreement, including any other stipulation. These stipulations do not restrict the government's right to respond to questions from the Court and to correct incorrect or misleading information that has been provided to the Court.

Other Provisions

This agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceeding against Victor Samaha.

Victor Samaha agrees to waive any attorney-client or work product privilege that may apply to communications he had with the attorney who represented him during the trial of the Securities Fraud Case.

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement and Victor Samaha's cooperation to the attention of other prosecuting offices, if requested by Victor Samaha to do so.

This agreement constitutes the full and complete agreement between Victor Samaha and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Very truly yours,

ROBERT J. CLEARY
United States Attorney

By: DAVID M. ROSENFIELD
Assistant U.S. Attorney

By: JAMES MCMAHON
Assistant U.S. Attorney

APPROVED:

RICHARD J. SCHECHTER, Deputy Chief
Fraud and Public Protection Division

I have received this letter from my attorney, William Robertson, Esq. I have read it and I understand it fully. I hereby accept the terms and conditions set forth in the letter. This constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

3/8/00
Date

Victor Samaha

3/8/00
Date

William Robertson, Esq.

PLEA AGREEMENT WITH Victor Samaha

Schedule A

This Office and Victor Samaha agree to stipulate at sentencing in the Securities Fraud Case and the Obstruction Case to the statements set forth below, subject to the conditions in the attached plea agreement. The references below are to the United States Sentencing Guidelines in effect as of November 1, 1998.

1. The applicable guideline section is § 2F1.1. This guideline section carries a base offense level of 6. U.S.S.G. § 2F1.1(a).

2. The loss from Victor Samaha's conduct is $358,000. Accordingly, the offense level is increased by 9 levels. U.S.S.G. 2F1.1(b)(1)(J).

3. Victor Samaha's conduct involved more than minimal planning and was a scheme to defraud more than one victim. Accordingly, the offense level is increased by 2 levels. U.S.S.G. § 2F1.1(b)(2).

4. Victor Samaha was a manager and supervisor of extensive criminal activity. Accordingly, the offense level is increased by 3 levels. U.S.S.G. § 3B1.1(b).

5. The parties disagree about whether a 2 level increase is warranted as a legal matter for abuse of private trust pursuant to U.S.S.G. § 3B1.3. The parties agree to have the sentencing court determine whether this enhancement should apply.

6. Victor Samaha willfully attempted to obstruct and impede the administration of justice during the prosecution of the Securities Fraud Case. Accordingly, the offense level is increased by 2 levels. U.S.S.G. § 3C1.1.

7. The parties agree that Victor Samaha is not entitled to a reduction in offense level for acceptance of responsibility in the Securities Fraud Case. The parties also agree that the sentencing judge may consider whether Victor Samaha has accepted responsibility in the Obstruction Case when determining whether to depart pursuant to U.S.S.G. § 5K1.1 and in determining the extent of any such departure.

8. The parties agree that there is no basis for any upward or downward departure or for any upward or downward adjustment not otherwise set forth herein. Accordingly, neither party will seek or argue for any departure or adjustment not otherwise set forth herein.

9. In accordance with the above, the final offense level prior to any departure pursuant to a motion filed by the Government pursuant to U.S.S.G. § 5K1.1 is 24.