AO 245 S (Rev. 04/98) Sheet 1 - Judgment in a Criminal Case

ENTERED ON THE DOCKET on 10-1 2001 WILLIAM T. WALSH, CLERK By (Deputy Clerk)

# UNITED STATES DISTRICT COURT
## District of New Jersey

FILED SEP 25 2001 At 8:30 M WILLIAM T. WALSH CLERK

UNITED STATES OF AMERICA

v.

VICTOR SAMAHA

Defendant.

Case Number 2:00cr335-01

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, VICTOR SAMAHA, was represented by William Robertson, Esq. And John Pollock, Esq..

The defendant pled guilty to count(s) 1 of the Information on 25 May 2000. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to Obstruct Justice | 10/99 thru 12/99 | 1 |

As pronounced on 24 September 2001, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $50.00, for count(s) 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 25th day of September, 2001.

WILLIAM G. BASSLER
United States District Judge

Certified as a true copy on This Date: 4/17/06
By ( ) Clerk ( ) Deputy

Defendant's SSN: 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
Defendant's Date of Birth: 19 August 1967
Defendant's address: 106 82nd Street, Brooklyn, NY 11209

Defendant: VICTOR SAMAHA
Case Number: 2:00cr335-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 32 Months on Ct. 1 to run concurrently with ct's 1,43,44,45,46,47,48, & 49 in 98cr414-06.

The Court makes the following recommendations to the Bureau of Prisons: Court recommends Otisville Camp as facility to serve incarceration.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

## RETURN

I have executed this Judgment as follows:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ____________________ at ______________________________, with a certified copy of this Judgment.

____________________
United States Marshal

By ____________________
Deputy Marshal

Defendant: VICTOR SAMAHA
Case Number: 2:00cr335-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **3** years on ct. 1 to run concurrent to cts 1,43,44,45,46,47,48, & 49 in 98cr414-06.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

and shall comply with the following additional conditions:

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, if directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

As a further special condition of supervised release, the defendant is to refrain from engaging in the selling of Securities and the employment in the telemarketing field

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

Defendant: VICTOR SAMAHA
Case Number: 2:00cr335-01

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: VICTOR SAMAHA
Case Number: 2:00cr335-01

## FINE

The defendant shall pay a fine of **$9,000.00.**

This amount is the total of the fines imposed on individual counts, as follows:

The fine consists of $1,000.00 on each of ct. 1 in 00cr335-01 and ct's 1,43,44,45,46,47,48, & 49 in 98cr414-06

This fine, plus any interest pursuant to 18 USC § 3612(f)(1), shall be paid in full immediately. The court finds that the defendant lacks the ability to pay a fine within the guideline range. The Court will waive the interest requirement in this case. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100.00 over a period of 3 years to commence 30 days after release from custody.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.